883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sol ROM, Plaintiff-Appellee,
v.
Charles W. CONNELLY, Jr., Group W. Properties, Ltd.,
Defendants-Appellants.
 No. 88-3591.
 United States Court of Appeals, Fourth Circuit.
 Argued April 13, 1989.
Decided Aug. 4, 1989.
Rehearing and Rehearing En Banc Denied Aug. 25, 1989.
 
 James Edward Walker (Alice Carmichael Richey, Kennedy, Covington, Lobdell & Hickman on brief) for appellants.
 James B. Craven, III for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In connection with the sale of some motel properties, the plaintiff extended credit to a group of which Connelly and Sturman were the principals. A promissory note was given as evidence of the $550,000 indebtedness.
 
 
 2
 The note provided for payments upon the principal of $5,000 per quarter until October 1, 1992, when all of the unpaid principal was to be payable. Interest at the rate of ten percent per annum was also payable quarterly.
 
 
 3
 The note provided that if either Connelly or Sturman died the plaintiff, holder of the note, could elect to require payment of one-half of the principal balance of the note. Life insurance was taken out to finance those potential obligations.
 
 
 4
 Sturman died in December 1984, a little over a year after the note had been given. The proceeds of the insurance on Sturman's life was collected and paid over to the plaintiff in the amount of $277,633.52
 
 
 5
 Connelly continued to make quarterly payments of $5,000, but finally defaulted in making those payments in June 1987. He now contends that he was not in default at all, for, he contends, the insurance proceeds should have been credited first to the quarterly principal payments called for by the note.
 
 
 6
 The district court granted summary judgment for the plaintiff, we think correctly.
 
 
 7
 How such an obligatory anticipatory payment should be credited depends upon the intention of the parties, and the answer depends upon the court's interpretation of the note.
 
 
 8
 The note gives us no clear direction, but it is surely susceptible to the construction that the payment of the insurance proceeds was to be credited to the principal balance which would remain due in 1992. Though such a payment would reduce the periodic interest payments, there is nothing in the note to suggest that the payment would reduce or entirely excuse the small periodic principal payments called for by the note. Indeed, after Sturman's death Connelly continued to make the $5,000 quarterly principal payments. When he did default, he wrote that he was in default. He made no claim that he was not in default until this litigation was underway.
 
 
 9
 Connelly's conduct is a persuasive refutation of his present claim that payment of the proceeds of the Sturman insurance should have been credited first to accruing quarterly installment obligations.
 
 
 10
 AFFIRMED.